Smith, *Ex'r, v.* Judkins.

A sheriff receiving specific directions as to the attachment of property is bound to follow them, if he can lawfully do so, and it is no excuse from liability to show merely that he acted in good faith.

Case, for neglect of the defendant's deputy to attach property upon a writ in favor of the plaintiff's testate, whereby the latter lost his demand. Facts found by a referee. October 15, 1875, George S. Smith held a note against A. J. Fellows for $113.41, dated March 16, 1875, the whole of which was then unpaid. He procured a writ of attachment against Fellows on that day, in which the note was specially declared on, and in which the sheriff was commanded to attach property to the amount of $200. This

writ and the note were sent by his attorneys (Blair & Burleigh) to Charles J. Conner, of Concord, then a deputy of the defendant, who was the sheriff of Merrimack county, with a letter containing the following instructions: "Please go over and see Fellows, and if he will settle at once allow him to do so by paying the note and your fees. Our client will pay all other costs. If he can't or won't do this, attach enough to secure the claim, if you can do so, and return enclosures to us."

Conner received the writ, note, and letter, and immediately went to Fellows's place of business in Suncook village, and stated to him what he had, and what his instructions regarding the business were. Fellows then owned property that was liable to attachment, and sufficient in amount to secure Smith's claim, according to the command in the writ; but he was indebted to a larger amount than his assets, and was insolvent in fact. Conner learned of this property, and also became satisfied that Fellows was badly insolvent, and if an attachment of his property was made that he would be put into bankruptcy, and his creditors would receive only a very small dividend. He got Fellows to send Smith $50 that day to be applied upon the note, which sum Smith received. Conner then had in his possession for collection a claim in favor of Fellows against one Cofran amounting to $32, the proceeds of which, when collected, Fellows agreed that Connor might apply on the Smith note; but this claim, or any part of it, has never been collected. Because of Fellows's pecuniary condition, and the payment and security which Conner obtained, he made no attachment of Fellows's property, and in so doing he acted in good faith.

Conner did not at that time inform Smith or his attorneys what he had done in the premises, or as to Fellows's pecuniary condition. On the 16th day of November, 1875, Conner wrote Blair & Burleigh, in substance, that Fellows had arranged to pay the balance due on the note within a few days, and that he would see to it, and send the amount due; and again, on the 11th day of January, 1876, he wrote to them that the Fellows matter could be closed up very soon,—that he had security for the amount, and that it was all right. Between the date last named and January 21, 1876, other creditors of Fellows sued him upon claims amounting to some $2,000 or $3,000, and attached his property. After this Fellows settled with his attaching creditors, paying them 30 per cent. of their respective claims in satisfaction thereof, and since that time he has remained worthless. The plaintiff, or her testator, had no knowledge of this settlement. Between the time Conner first called on Fellows, and the time when the attachments were made, he called upon him twice, and endeavored to get payment of the balance of the note. He received no instructions from Smith or his attorneys, other than those hereinbefore stated.

Upon the foregoing facts, the referee finds that the plaintiff is entitled to recover of the defendant the balance due upon the note.

*I. N. Blodgett*, for the defendant.

I. The case finds that the deputy acted in good faith. His acts, therefore, are to receive the most liberal construction. *Bissell* v. *Huntington*, 2 N. H. 142, 147; *Gerrish* v. *Edson*, 1 N. H. 82, 86.

II. It also appears that the debtor was insolvent when the plaintiff's original suit was commenced; that the deputy justly became satisfied that the debtor would be put into bankruptcy if an attachment was made, and in that event that the creditors would receive only a trifling dividend; that, in fact, those who attached received but "30 per cent. of their respective claims in satisfaction thereof," whereas the plaintiff not only received a much larger percentage, but still has a valid claim against the debtor for the balance.

III. It is apparent that the plaintiff has suffered no loss by reason of the officer's acts, but, on the contrary, has been materially benefited thereby.

IV. It was incumbent upon the plaintiff to show that she had sustained actual, special damage by reason of the neglect of the deputy to serve and return the writ. The facts reported prove the contrary, and, at most, the damages should be merely nominal. *Runlett* v. *Bell*, 5 N. H. 433, 439; *Richards* v. *Gilmore*, 11 N. H. 493, 499; *Grafton Bank* v. *White*, 17 N. H. 389; *Rich* v. *Bell*, 16 Mass. 294; *Weld* v. *Bartlett*, 10 Mass. 470; *Woods* v. *Varnum*, 21 Pick. 165; Sewall Law of Sheriffs *449; *Pierce* v. *Strickland*, 2 Story 292; *Dyer* v. *Woodbury*, 24 Me. 546; *Palmer* v. *Gallup*, 16 Conn. 555; *French* v. *Snyder*, 30 Ill. 339; *Humphrey* v. *Hathorn*, 24 Barb. 278.

*Burleigh & Adams*, for the plaintiff.

I. Sheriffs and their deputies are bound to return executions and writs of mesne process committed to them for service. *Runlett* v. *Bell*, 5 N. H. 433, 438; *Howard* v. *Whittemore*, 9 N. H. 133. And for neglect to make such return the plaintiff is entitled, as a matter of law, to nominal damages at least. *Waterhouse* v. *Waite*, 11 Mass. 207; *Webster* v. *Quimby*, 8 N. H. 382; *Grafton Bank* v. *White*, 17 N. H. 389, 392; *Richards* v. *Gilmore*, 11 N. H. 497, 498. In this case the writ was not returned, and the authorities cited above apply.

II. The deputy was bound to obey the specific instructions given him in the letter dated October 15, 1875, "to attach property enough to secure the claim, and return enclosures." *Perkins* v. *Pitman*, 34 N. H. 261; *Ranlett* v. *Blodgett*, 17 N. H. 298, 305, 306; *Marshall* v. *Hosmer*, 4 Mass. 60; *Bond* v. *Ward*, 7 Mass. 123; *Barnard* v. *Ward*, 9 Mass. 269; *Green* v. *Lowell*, 3 Greenl. 373; *Kittredge* v. *Bellows*, 7 N. H. 399.

III. Nor is the defendant's departure from instructions and failure to perform his official duty to be extenuated because of the debtor's insolvency, and the former's good faith in making an arrangement with him, by which the plaintiff was greatly damaged. "His vigilance and fidelity in pursuing directions ought to increase, rather than lessen, should the debtor be found embarrassed or insolvent." *Gerrish* v. *Edson*, 1 N. H. 82, 83. "It is not a sufficient excuse for him that he subsequently obtained some information which led him to suppose that a service in the manner directed would be ineffectual for the interests of the plaintiff, and even might expose himself to an action. He is liable unless he can show that he could not lawfully have obeyed the directions." *Ranlett* v. *Blodgett*, 17 N. H. 298, 305 ; Sher. & R. Neg. (2d ed.) ss. 521, 522. It was the plaintiff's right to have the lien on the debtor's property, which an attachment at the time ordered would have given. It was the duty of the deputy to proceed and make the attachment as directed, notwithstanding the debtor's liability to go into bankruptcy had service been made upon him, and though he was known to be insolvent in fact. *Perkins* v. *Pitman*, 34 N. H. 261, 264.

IV. The measure of damages in this case should be the actual damages sustained by the plaintiff through the officer's neglect, and that is the balance found due upon the note by the referee. *Grafton Bank* v. *White*, 17 N. H. 389 ; *Richards* v. *Gilmore*, 11 N. H. 493 ; *Sanborn* v. *Emerson*, 12 N. H. 58.

CLARK, J. It is settled, upon the authority of the cases cited by the plaintiff, that the defendant's deputy was bound to follow the specific instructions given him by the plaintiff's attorneys. Failing to do so, he is liable unless he can show that he could not lawfully obey the directions; and he cannot avoid liability by showing merely that he acted in good faith. Having neglected to attach property to the amount directed when he might lawfully have made the attachment, the measure of the plaintiff's damages is the actual damage sustained by reason of the neglect of the deputy, which has been determined by the referee. *Gerrish* v. *Edson*, 1 N. H. 82 ; *Sanborn* v. *Emerson*, 12 N. H. 57 ; *Grafton Bank* v. *White*, 17 N. H. 389 ; *Perkins* v. *Pitman*, 34 N. H. 261.

*Judgment for the plaintiff on the report.*

SMITH, J., did not sit: the others concurred.